IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TOMMY DAVIS,

      Plaintiff,

v.             CIVIL ACTION NO.  2:10-cv-01332

STEVE MURDOCK, et al.,

      Defendants.

---

TIMOTHY GROUNDS,

      Plaintiff,

v.             CIVIL ACTION NO.  2:10-cv-01333

JEREMY BURGESS, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court in this consolidated case is the plaintiffs' Motion to Remand and for Costs [Docket 11].  For the reasons discussed herein, the Motion is **GRANTED** in part.  The court **REMANDS** this case to the Circuit Court of Boone County, West Virginia.  The plaintiffs' request for attorneys' fees and costs is **DENIED**.

**I.**   **Background**

This case arises out of the plaintiffs' claims against their former employer for unpaid wages.  The plaintiffs, Tommy Davis and Timothy Grounds, were both employees of the defendant, Catenary Coal Company through October 2009.  On November 10, 2010, the plaintiffs jointly filed a Complaint in the Circuit Court of Boone County, West Virginia.  On November 17, 2010, each

plaintiff re-filed an individual Complaint in the Circuit Court. Each Complaint named as defendants the Catenary Coal Company and the individual plaintiff's shift foreman. Aside from the names of the plaintiffs and the shift foremen, the two Complaints were identical; each Complaint contained one sole count for unpaid wages in violation of the West Virginia Wage Payment and Collection Act ("WPCA"). Accordingly, the court will simply refer to a single "Complaint."

On November 24, 2010, the defendants removed both cases to this court, asserting that this court had original jurisdiction over the actions under the Fair Labor Standards Act ("FLSA"). On December 2, 2010, the defendants moved to consolidate the civil actions, and this court granted the defendants' unopposed Motions to Consolidate on December 17, 2010. On December 22, 2010, the plaintiffs filed the instant Motion to Remand the Case to the Circuit Court of Boone County and for Costs. This Motion is now ripe for review.

**II.     Legal Standard**

An action may be removed to federal court if it is one over which the district court would have original jurisdiction. *See* 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, "removal is appropriate if the face of the complaint raises a federal question." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). In addition, the district courts have jurisdiction over the "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir.1996). "Thus, a case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of

-2-

federal law, but only [if] . . . the plaintiff's right to relief necessarily depends on a substantial question of federal law." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)(en banc) (internal quotation marks omitted).

"In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts 'ordinarily . . . look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" *Pinney v. Nokia Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996)). "Thus, in examining the complaint, our first step is to 'discern whether federal or state law creates the cause of action.'" *Pinney*, 402 F.3d at 442 (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994)). "If federal law creates a plaintiff's claim, then removal is proper." *Pinney*, 402 F.3d at 442. Generally, "a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." *Id.* (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)).

The party seeking removal to federal court carries the burden of establishing federal jurisdiction. *Mulcahey,* 29 F.3d at 151. Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction," and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

**III. Analysis**

    **A. Motion to Remand**

The plaintiffs have asserted a claim against the defendants for violations of the WPCA. The plaintiffs request compensation for all "unrecorded and uncompensated work required or permitted

by Defendants." (Compl. ¶ 13.) Each plaintiff states that he is "only seeking payment of his wages at normal hourly rates," and specifies that he is not requesting overtime wages. (*Id.* ¶ 9.) The plaintiffs seek recovery only upon a showing that defendant's conduct was wrong under state law. At no point does either Complaint reference the FLSA. To the contrary, each plaintiff explicitly limits his cause of action to relief provided by the WPCA and disclaims any attempt to collect overtime pay or enforce any right provided by federal rather than state law.

The defendants, in response, assert that the plaintiffs' claims, "artfully pleaded as state law claims, [are] controlled by the federal FLSA and raise a federal question," and, accordingly "federal question jurisdiction is properly grounded on the FLSA." (Resp. in Opp. to Pls.' Mot. to Remand at 2.) The defendants do not maintain that the FLSA completely preempts the WPCA, as it is well established that the FLSA does not completely preempt state laws. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, n. 10 (4th Cir. 2007) (discussing the possibility that the FLSA conflicted with and preempted claims under North Carolina common law, and noting that "[t]here is no question that express preemption and field preemption are inapposite to this dispute"). The defendants instead appear to assert conflict preemption by analogizing the plaintiffs' claims to other causes of action—namely claims for overtime pay—that courts in this circuit have found to be preempted by the FLSA. Contrary to the defendants' analogizing, the plaintiffs' claims are distinguishable from an employee's claim for overtime pay. The FLSA rather than the WPCA "creates the right to overtime and provides the exclusive remedy for the recovery of such premium pay," from the defendants. *See Westfall v. Kendle Int'l, CPU, LLC*, No. 1:05-cv-0118, 2007 WL 486606, at *13-14 (S.D. W. Va. Feb. 15, 2007) (discussing potential causes of action under the WPCA and the FLSA for an employer's failure to compensate employees for overtime hours). In the present case,

however, the plaintiffs have expressly disclaimed a right to overtime pay and instead seek compensation for wages due for "labor and services rendered" under the WPCA. *See* W. Va. Code § 21-5-1.

In addition, the defendants appear to contend that the FLSA, even if it does not preempt the plaintiffs' WCPA claims, provides an essential element of the plaintiffs' claims. The defendants assert that the FLSA "provide[s] the sole source and exclusive remedy for the pay violations Plaintiffs claim." (Resp. in Opp. to Pls.' Mot. to Remand at 4.) The defendants contend that "[n]othing in the WCPA or any other law of the State of West Virginia, provides the Plaintiffs with any right to wages for lunch breaks," and, accordingly, the plaintiffs' remedy "for unpaid wages they allege they are owed arises exclusively under the FLSA," (*Id.* 5-6.). This argument fails on both factual and legal grounds. First, the plaintiffs' Complaint requests unpaid wages including, but not limited to, wages for working during lunch periods. As a factual matter, it does not appear that the plaintiffs are trying to collect wages for lunch breaks generally, but rather for work performed during lunch breaks. In addition, the plaintiffs' claims are distinguishable from the plaintiffs in *Anderson*, wherein the plaintiffs did "not contend, however, that any North Carolina law entitle[d] them to unpaid wages," but, rather relied "on the FLSA for their rights and they invok[ed] state law only as the source of remedies for the alleged FLSA violations." 508 F.3d at 193. In the present case, the plaintiffs contend that West Virginia law both entitles them to unpaid wages and provides a remedy for the defendants' alleged violations of West Virginia law. As the plaintiffs only seek compensation at their regular hourly wage, rather than a statutorily prescribed overtime rate, a court could resolve the plaintiff's claims solely by reference to the factual record and West Virginia law.

Given the lack of complete preemption of state wage claims by the FLSA, the plaintiffs' claims are not automatically converted into federal claims. Furthermore, under the well-pleaded complaint rule, the plaintiffs have brought their claims exclusively under state law. The plaintiffs have even elected not to pursue a higher overtime wage rate, likely in an effort to avoid the possibility of invoking federal jurisdiction. The defendants, in response, have not provided any support for the proposition that a plaintiff must bring a claim for unpaid wages under federal law, particularly when there is a state law that provides a plaintiff with a cause of action against his employer for unpaid wages. Moreover, the defendants have not established that the plaintiffs' relief will necessarily depend on the FLSA or resolution of any substantial question of federal law.

Accordingly, the court **FINDS** that the plaintiffs' claims do not arise under or turn on some construction of federal law. The court, therefore, does not possess jurisdiction over this action under 28 U.S.C. § 1331. The plaintiffs' Motion is **GRANTED**; this action is remanded to the Circuit Court of Boone County, West Virginia.

### B. Request for Attorneys' Fees and Costs

Having found that this case should be remanded, the court now turns to the plaintiffs' request for costs and fees. Under 28 U.S.C. § 1447(c), a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In the present case, the defendants' arguments for removal based on FLSA preemption of the WPCA, while ultimately unpersuasive, provided the

defendants with an objectively reasonable basis for seeking removal. Accordingly, the plaintiffs' request for costs and fees is **DENIED**.

**IV. Conclusions**

For the reasons discussed above, the plaintiffs' Motion to Remand and for Costs [Docket 11], is **GRANTED** in part. The court **REMANDS** this case to the Circuit Court of Boone County, West Virginia. The plaintiffs' request for attorneys' fees and costs is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court **DIRECTS** the Clerk to send a certified copy of this Order to the Circuit Clerk of Boone County, West Virginia.

ENTER: February 9, 2011

Joseph R. Goodwin, Chief Judge